# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **CYPRESS LAKE SOFTWARE, INC.,** | § § | |
| *Plaintiff*, | § § | Civil Case No. 6:17-cv-00300-RWS |
| | § | LEAD CONSOLIDATED CASE |
| v. | § § | Civil Case No. 6:17-cv-00462 |
| **ZTE (USA) INC., HP INC.** | § § | |
| *Defendants*. | § § § | JURY TRIAL DEMANDED |

## EMERGENCY MOTION TO COMPEL PLAINTIFF
## TO MAKE ITS INFRINGEMENT CONTENTIONS PUBLIC

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ................................................................................................1
II. LEGAL STANDARD.........................................................................................................2
III. ARGUMENT .....................................................................................................................3
IV. CONCLUSION...................................................................................................................6

In this case, Plaintiff Cypress Lake Software, Inc. ("Cypress") seeks to designate the claim charts in its patent infringement contentions as confidential even though they are undisputedly based on public information. Cypress argues the contentions are confidential because its arguments themselves are confidential, even if the information they are based on is not. But Cypress' designations are preventing Defendant HP Inc. ("HP") from sharing the contentions with third parties such as Google, whose technology is at issue in the case, and from using the contentions in potential Patent Office proceedings challenging the validity of the asserted patents. These restrictions are improper and Cypress should be ordered to withdraw the confidentiality designation. As this relief is necessary for HP to assemble its defenses and prepare for a deposition currently noticed for March 22, HP brings this motion on an emergency basis.

## I.     FACTUAL BACKGROUND

Cypress asserts that HP's "Chromebook" laptops, computers employing Google's Chrome operating system, infringe seven patents. Dkt. 19 at ¶¶ 1-7, 13. The allegations in Cypress' complaint focus on Google's Chrome operating system and not on features specific to HP's accused devices. *See, e.g.*, *id.* at ¶¶ 20-21, 30-33, 42-44, 53-56, 65-68, 77-80, 89-91.

Cypress served infringement contentions on February 2, 2018, designating the infringement contention claim charts as confidential under the protective order. Ex. 2 at 1. After receiving the infringement contentions, HP requested that Cypress remove the confidentiality designation. Cypress responded that the charts were designated confidential to (1) prevent use in Patent Office proceedings, Ex. 1 at 4 ("[I]f you want to use them for purpose outside this litigation, we've got a problem with that. Especially, if HP wants to use them to go forum shopping before an administrative judge at the PTO. When we currently have an Article III Judge not associated with the Executive Branch."); and (2) prevent sharing with third parties such as Google, *id.* ("[I]f you

need the charts dedesignated for indemnification, then that doesn't seem to be supported by HP's initial disclosures, or in the alternative, is premature."). Neither reason is proper.

The parties met and conferred on February 15, 2018. HP noted that the designation prevents it from disclosing the contentions to third parties such as Google, improperly requires HP to reveal work product and identify consulting experts who otherwise would not have to be disclosed, and prevents the contentions from being considered by the Patent Office in any invalidity proceedings. Cypress offered to let HP share the contentions with other defendants, employees of HP and consulting experts, but refused to allow them to be used in Patent Office proceedings or be disclosed to third parties. As a result, HP is unable to share the infringement contentions with Google and obtain information necessary to formulate HP's defenses, and is precluded from using the contentions in Patent Office proceedings. This motion followed.

## II. LEGAL STANDARD

Courts recognize a strong presumption favoring the common law right of public access to court proceedings. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356-57 (Fed. Cir. 2011). To that end, Rule 26(c) authorizes district courts to issue limited protective orders "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Although parties may stipulate to an order allowing them to determine the confidentiality of their own documents, *see* 8A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2035 (3d ed. 2010), courts may not accept the parties' designations without independently determining whether Rule 26(c) so allows. *See In re Violation of Rule 28(d)*, 635 F.3d at 1358. A "district court cannot abdicate its responsibility to oversee the

discovery process and to determine whether filings should be made available to the public simply because the parties agree to the protective order." *Id.* (quotations omitted).

Here, the protective order is specific and allows the parties to designate material as confidential "only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets." D.I. 35 at 5. Once designated, the order restricts disclosure to outside counsel, their employees, in-house counsel, three designated party representatives, and certain experts. *Id.* at 3-4. The protective order also instructs that in a dispute over designations, "the burden shall be on the designating Party to show why its classification is proper." *Id.* at 13. An application to de-designate documents "shall be treated procedurally as a motion to compel pursuant to Federal Rule[] of Civil Procedure 37, subject to the Rule's provisions relating to sanctions." *Id.*

### III.   ARGUMENT

Cypress cannot carry its burden of showing that its infringement contentions are confidential under the terms of the protective order. There is a strong presumption in favor of public access to court proceedings and records, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *Violation of Rule 28(d)*, 635 F.3d at 1356-57, and this is particularly true with respect to a patentee's contentions regarding the scope of its patent. *Constellation, LLC v. Avis Budget Group, Inc.*, 2007 WL 7658921, at *2-3 (E.D. Tex. Oct. 30, 2007). Disclosure of infringement contentions that do not contain any confidential technical information serves the public interest because "the public can better ascertain what [the patentee] believes is the scope of its patent, allowing the public to avoid infringing activity and/or acquire a license." *Id.* at *3. De-designating Cypress' contentions also serves the public interest by allowing HP to consult with

Google, who developed the software on which the contentions are based. If Cypress believes Google's software infringes, why should Google not be allowed to see the contentions?

Although in some cases a party's infringement contentions might merit confidential treatment because they contain a defendant's confidential information (such as proprietary source code), there is no dispute that Cypress' contentions are based only upon public information: the asserted patents and publicly available HP devices. Because Cypress' contentions do not reference any confidential information, its sole argument for designating them as confidential is that the contentions themselves—i.e. Cypress' legal arguments about the scope of the patents and how the accused products infringe those patents—are confidential. This assertion must fail.

A court in this District addressed and rejected an identical argument in *Constellation v. Avis Budget Group*. There, the plaintiff sought to designate its infringement contentions as confidential to prevent the defendant from submitting the contentions to the Patent Office in connection with an *ex parte* reexamination. *See id.* at *1. Judge Craven explained that a party's contentions cannot be confidential because, "[o]nce disclosed to the opposing party, such *'legal strategy' is not inherently worthy* of the Confidential designation." *Id.* at *2 (emphasis added). Judge Craven further noted that even if the plaintiff established its contentions were entitled to confidential treatment, the court would need to "balance the harm that would flow from disclosure with the need of the party seeking discovery." *Id.* at *3 (quotation omitted). Judge Craven reasoned that keeping the contentions confidential would "den[y] the PTO valuable information" about the patent, and thus defendant's "interests in removing the 'Confidential' designation outweighs any interest of [the plaintiff] in preserving the designation." *Id.*

Another court in this District reached a similar conclusion in *Net Navigation Systems v. Alcatel-Lucent*. Civ. No. 4:11-cv-663-RAS-ALM, Dkt 107 at 2 (E.D. Tex. Sept. 19, 2012). In that

case, the plaintiff sought to designate its infringement contentions as "Highly Confidential." *Id.* at 1. Judge Mazzant found that the plaintiff failed to demonstrate how its contentions "contain any sensitive information," noting that "Plaintiff's infringement contentions merely contain its lawyers' legal analysis of public documents reflecting how it understands the claim scope of the Patents-in-Suit." *Id.* at 2.[1] *See also Constellation Techs. LLC v. Time Warner Cable Inc.*, Civ. No. 2:13-cv-1079-RSP, Dkt. 113 at 1 (E.D. Tex. Aug. 13, 2014) (denying protective order for contentions based on public information), Dkt. 114 at 3-22 (Aug. 12, 2014) (hearing transcript).

Despite these cases on point, Cypress has yet to provide a persuasive reason for keeping its contentions confidential. Instead, Cypress asserts the contentions are confidential because they cannot be found online. *See* Ex. 1 at 4. That argument is not sufficient under the terms of the governing protective order. The documents and information on which Cypress' contentions are based are entirely public. The idea that its legal contentions about public information can transform that information into confidential information is as fanciful as "Rumpelstiltskin sp[inning] straw into gold." *Acer America Corp v. Technology Properties*, Civ. No. 08-877, 2009 WL 1363551, at *1 (N.D. Cal. May 14, 2009). Indeed, the purpose of infringement contentions is to put the defendant on notice of the claims against it, and to allow it to prepare its defense.

Even if Cypress' contentions met the requirements for designation under the protective order, the Court would still need to "balance the harm that would flow from disclosure with the need of the party seeking discovery." *Constellation*, 2007 WL 7658921, at *3. Cypress' allegations of potential prejudice ring hollow. Cypress suggests it would be unfair for HP or third

---

[1] Although the protective order in that case required that the information be "especially sensitive" and pose a risk of "significant competitive harm if disclosed to an unauthorized person," Judge Mazzant found that the infringement contentions lacked "any sensitive information" whatsoever. *Id.* Accordingly, his reasoning applies equally here even though the protective order sets a lower threshold for confidentiality.

parties to use its contentions in Patent Office validity proceedings. *See* Ex. 1 at 4. But as *Constellation* noted, a patent holder's interpretation of its own patent is directly relevant to validity proceedings. *See* 2007 WL 7658921, at *2-3. Indeed, the Patent Office uses a "broadest reasonable interpretation" standard in such proceedings precisely because it wants to test the validity of patents as broadly as they might be construed in infringement litigation. *See, e.g.*, *In re Yamamoto*, 740 F.2d 1569, 1571 (Fed. Cir. 1984). Having to answer for the scope of its infringement contentions in patent office proceedings is not prejudicial to Cypress; it is *just*. *Cf. Google Inc. v. Intellectual Ventures II LLC*, 701 F. App'x 946, 955 (Fed. Cir. 2017).

On the other hand, the prejudice that Cypress' gamesmanship creates for HP is clear and immediate. Cypress noticed a Rule 30(b)(6) deposition of HP's corporate representatives for March 22, 2018. Ex. 1 at 8. The list of topics for the deposition includes multiple questions about source code for the accused products. Ex. 1 at 11. Indeed, the very first topic listed is "Facts supporting your non-infringement position…. This includes source code citations…." *Id.* But source code for the accused features of HP's Chromebooks—Google's Chrome operating system—was not developed by HP but by Google. HP cannot assess the contention's allegations and prepare its defenses without sharing the contentions with Google.

### IV.    CONCLUSION

Cypress bears a heavy burden under the governing protective order to prove that its infringement contentions deserve confidential treatment despite being based solely on public information. D.I. 35 at 13 ("burden shall be on the designating Party to show why its classification is proper"). Cypress cannot meet this burden. The real reason for Cypress' designation is to (1) prevent HP from sharing them with Google, the party who developed the accused features, and (2) avoiding accountability for its claim construction positions in the Patent Office. These are not

legitimate reasons to designate the contentions as confidential.  Cypress' gamesmanship is a blatant attempt to prevent HP from being able to defend itself in this litigation.  Accordingly, HP respectfully requests that the Court enter an order compelling Cypress to withdraw its confidentiality designation and to award HP its fees incurred in bringing this motion, as contemplated by the protective order and Federal Rule of Civil Procedure 37.  Should the Court grant HP's request, it will submit an accounting of its fees incurred in connection with the motion.

Dated:  February 22, 2018

Respectfully submitted,

*/s/ Krista Schwartz*

Krista S. Schwartz
ksschwartz@jonesday.com
Michael A. Lavine
mlavine@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104
Telephone: (415) 626-3939

Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702

Sasha Mayergoyz
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Sanjiv P. Laud
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55401
Telephone: (612)-217-8879

**Attorneys for Defendant HP INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 22, 2018.

                                                    */s/ Krista S. Schwartz*
                                                    Krista S. Schwartz

## CERTIFICATE OF CONFERENCE

The undersigned certify that on February 15, 2018, counsel for Defendant HP (Sanjiv Laud and Michael Jones) and counsel for Plaintiff Cypress Lake (Randall Garteiser) met and conferred telephonically in compliance with Local Rule CV-7(h) regarding the relief requested herein. Counsel for HP (Krista Schwartz, Michael Jones, and Sanjiv Laud) and counsel for Cypress Lake (Randall Garteiser) further met and conferred telephonically on February 22.  HP and Cypress Lake discussed the relief requested herein but were unable to reach agreement regarding disclosure of the infringement contentions to third parties such as Google and to the Patent Office.  The parties were left at an impasse.  Cypress Lake indicated that it therefore opposed the present motion.

                                                    */s/ Krista S. Schwartz*
                                                    Krista S. Schwartz


                                                  */s/ Michael E. Jones*
                                                   Michael E. Jones