**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CYPRESS LAKE SOFTWARE, INC., | § | |
| | § | |
| | § | CIVIL ACTION NO.  6:17-CV-00300-RWS |
| Plaintiff, | § | |
| | § | LEAD CASE |
| v. | § | |
| | § | |
| ZTE (USA) INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant HP Inc.'s Emergency Motion to Compel Plaintiff to Make its Infringement Contentions Public (Docket No. 42).   The Court held a hearing on the motion on March 28, 2018.  For the reasons explained below, the Court **GRANTS** HP's motion.  Also before the Court is Defendant ZTE (USA) Inc.'s Notice of Joinder in Motion to Compel Plaintiff to Make its Infringement Contentions Public (Docket No. 55), construed as a motion to join HP's motion to compel.  The motion is opposed, but Plaintiff Cypress Lake Software, Inc. ("Cypress Lake") did not file a response.  Accordingly, the Court **GRANTS** ZTE (USA)'s motion to join.

Plaintiff Cypress Lake served its Patent Rule 3-1 patent infringement contentions on HP, designating the infringement contention claim chart contained therein as confidential under the protective order.  HP now requests the Court to compel Cypress Lake to remove the confidential designation, which it claims is improper and prejudicial to HP.  Docket No. 42 at 6.

HP argues that under the terms of the protective order, which states that a party is allowed to designate material as confidential "only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party," Cypress Lake has failed to meet its burden to demonstrate that its

confidentiality designations are proper and brought in good faith.  *Id*. at 5 (citing Protective Order, Docket No. 35 ¶ 6).  HP argues that the claim chart—which it believes is at the heart of the issue here—is made up of two columns containing publicly available information: the left-hand columns contain claim language from the asserted patents, which are published and available on-line; the right-hand columns contain screenshots of the accused products, Google websites, or excerpts of HP's data sheets, which are also publically available on-line.  Docket No. 63, Hr'g Tr. at 34:7–24. Read together, HP argues that the chart is "simply a side-by-side comparison of public claims against publicly-available information about the products," which do not reveal any trade secret or confidential information.  Tr. at 35:4–6.  HP analogizes this case to *Constellation, LLC v. AVIS Budget Group, Inc.*, Civil Action No. 5:07-cv-37, 2007 WL 7658921 at *2 (E.D. Tex. Oct. 30, 2007), in which the court found that the plaintiff had not established that its infringement contentions contained trade secrets or other confidential information and that, once disclosed to the opposing party, the contentions constituted "legal strategy" not inherently worthy of the confidential designation.

But even if Cypress Lake could demonstrate that its contentions are confidential, HP argues that any harm that would flow from disclosure is outweighed by the public interest and prejudice to HP.  HP argues this balance favors HP for two reasons.  Docket No. 42 at 7–8.

First, HP contends that because Cypress Lake has designated its infringement contentions as confidential, it is improperly restricted from sharing the contentions with third parties, such as Google.  *Id*. at 3.  According to HP, Cypress Lake's allegations against HP's Chromebook laptops focus on Google Chrome's operating system and not on features specific to HP's accused devices. *Id*.  HP argues that because it cannot share the contentions with Google, the developer of the

accused features, it is unable to obtain information from Google necessary to defend itself in this litigation.  *Id*.; *see also* Tr. at 37:17–23.

Second, HP argues that the confidential designation of the infringement contentions prevents HP from bringing *inter partes* review petitions or reexamination proceedings with the Patent Office to challenge the validity of the asserted patents.  Docket No. 42 at 7–8; Tr. at 37:24–38.   Again relying on *Constellation*, HP argues that a patent holder's interpretation of its own patent is directly relevant to validity proceedings.  *Id*. at 8 (citing *Constellation*, 2007 WL 7658921, at *2–3).

In opposition, Cypress Lake argues, that "although the patents-in-suit surely are public," Cypress Lake's initial selection of asserted claims against HP from over 300 potential patent claims and the disclosures themselves contain proprietary information.  Docket No. 50 at 5–6.  Plaintiff purports that the claim chart is proprietary by nature of "Mr. Morris pointing here [at a screenshot], running through an application and showing how it works and why it infringes."  Tr. at 46:2–4; *see also id*. at 50:2–5 ("And to re-go through that, when we go back to him pointing out specific things, him pulling up these screenshots, even, you know, his finger -- that's all -- that's a copyrightable work because it's original.").

Cypress Lake further asserts that it would be harmed if HP was permitted to share Cypress Lake's contentions with third party competitors like Google and Apple because these companies are both competitors of Microsoft, a licensee of the asserted patents.  Docket No. 50 at 7.  Cypress Lake analogizes this case to *ExitExchange Corp.*, 2:10-cv-297, 2012 WL 996960, at *1 (E.D. Tex. Mar. 23, 2012), in which the court had found that plaintiff's infringement contentions contained confidential business information that was not generally known and affirmed its previous finding

that plaintiff's business would indeed suffer if the contentions may be used by its competitors. Docket No. 50 at 8.

At the hearing, HP argued in response that *ExitExchange* is distinguishable from the instant case because *ExitExchange* turned on two factors not present here.  Tr. at 40:14–15.  HP first argues that *ExitExchange* involved competitors and applied to a situation where competitive harm could arise from disclosing competitive information contained in the claim charts, and that here, Cypress Lake has no competitors, and therefore, faces no competitive harm.  *Id*. at 40:16–20; *see also* Tr. at 41:7–13 ("And Cypress has no competitive harm.  It is not a competitor of HP.  It's not a competitor of Google.  In fact, it doesn't have any competitors.").  Second, HP argues that, unlike the defendant in *ExitExchange*, HP has clearly demonstrated prejudice in its inability to defend the case and to bring IPRs and reexaminations.  *Id*. at 40:22–25.

At the hearing, the Court ordered Plaintiff "to identify any sections of this information [infringement contentions] that [it] believe[s] contains competitive information, either confidential, technical, business information, not generally known to both sides – or to both defendants" and to provide that information to Defendants within seven days from the date of the hearing.  Tr. at 52:19–24; 53:8–9.  Defendants would be given an opportunity to respond, and then the parties would meet and confer and provide the Court with a status report.  Tr. at 53: 2–3, 10–13.

Defendants HP and ZTE (USA) timely filed a status report (Docket No. 64) informing the Court that they had made multiple attempts to meet and confer with Plaintiff, that Plaintiff missed a scheduled meet and confer and that Plaintiff had not responded to Defendants' subsequent efforts to reschedule.  Docket No. 64 at 1.  Defendants specifically note that rather than identifying the portions of the infringement contentions that Plaintiff believes are confidential or contain

competitive information, Plaintiff merely identified "the entire document" as containing such information.  *Id*. at 2.

Cypress Lake has failed to comply with this Court's order to specifically identify any sections of the claim chart at dispute that it believes contain competitive information, either confidential, technical, or business information, not generally known to both Defendants.  Though the Court recognizes that infringement contentions may at times contain such information that is not generally known, as was the case in *ExitExchange*, merely identifying "the entire document" (which consists over 200 pages of the claim chart) as containing proprietary or confidential information, wholesale and without any further explanation, is insufficient for Plaintiff to meet its burden.  *See* Tr. at 45:8–9 ("I agree we have the burden on this, based on the protective order.").  Even so, the Court is not convinced that screenshots of an individual pointing at publicly available data sheets or websites is proprietary business information.

But even if Cypress Lake had shown that its contentions contain confidential or competitive information, Plaintiff has not identified any actual harm it would suffer if the designation was removed.  Though Microsoft may be a licensee of Cypress Lake, and companies like Google or Apple may be competitors of *Microsoft*, it is not clear to the Court how Cypress Lake's claim chart could be used by *its* competitors to its detriment or that Cypress Lake even has competitors.

The Court also finds that Defendants would be unfairly prejudiced in defending themselves if they were unable to share the infringement contentions with third-party Google, whose Chrome operating system HP[1] claims is "really at the heart of the patent claims in this case."  Tr. at 4:12–13.  As to Cypress Lake's concerns that the infringement contentions would be used

---

[1] In its notice of joinder, ZTE (USA) also notes that though the contentions served upon ZTE (USA) may differ slightly because of the different products accused, all of the substantive arguments made by HP apply equally to ZTE (USA). Docket No. 55 at 1; *see also* Tr. at 41:21–24 ("We [ZTE (USA)] were specifically told that we are welcome to use and provide our infringement contentions to Google as long as they were limited to this litigation.").

inappropriately in invalidity proceedings at the patent office, the Court believes that this is a decision within the province of the patent office.  It appears even Plaintiff agrees that "if the PTO wanted to have it, the administrative judge has the authority to say, 'Please produce it.' " Tr. at 45:3–5.

Finally, the Court notes that Plaintiff ignored the Court's order to meet and confer on this issue in accordance with the deadlines given to the parties at the hearing.  Plaintiff belatedly filed a Supplement to Joint Status Report (Docket No. 68), merely reiterating many of the same arguments the Court has already considered.  Cypress Lake also states that an unexpected personal matter prevented its counsel from attending the scheduled meet and confer.  Docket No. 68 at 2. Plaintiff now has requested that HP provide another time to meet and confer.  *Id*. at 3 (citing Docket No. 68-1).   Even if Plaintiff's counsel was unable to attend the scheduled meet and confer, Plaintiff's counsel has failed to show why he did not respond to any of Defendants' offers to reschedule until after Defendants had already filed their status report in compliance with the Court's deadlines.  The Court does not believe the parties will benefit from any further opportunity to meet and confer on this issue and declines to give Plaintiff any further opportunity to resolve this matter.

For the reasons explained above, the Court finds that HP's motion to compel (Docket No. 42) should be **GRANTED**.  Accordingly, it is hereby

**ORDERED** that Cypress Lake shall remove its confidential designation of its infringement contentions with respect to Defendants HP and ZTE (USA).

Defendants further request the Court to award reasonable fees and expenses incurred in bringing this motion under Federal Rule of Civil Procedure 37(a)(5).  Docket Nos. 42 at 7, 55-1 at

1.  Cypress Lake did not address the request for fees in its response or at the hearing.  *See* Docket Nos. 50, 63.

Under Federal Rule of Civil Procedure 37, a court must award reasonable expenses incurred in making a motion to compel that is granted unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(a)(5)(A); *see also Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981) (internal citations and quotations omitted) ("[T]he award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery ... unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.").

For the same reasons the Court grants the motion to compel, the Court also finds that Defendants should be awarded reasonable expenses and fees incurred in bringing this motion. Cypress Lake has not shown that its opposition to de-designation was substantially justified.  The Court finds it particularly concerning that Cypress Lake failed to have a meaningful meet and confer with Defendants to identify the portions of its infringement contentions it believed were confidential or proprietary—in direct contravention to the Court's order at the hearing—and that Cypress Lake failed to provide the Court with any explanation until five days after the deadline to submit a joint status report.

The Court, therefore, **GRANTS** Defendants' request for reasonable expenses and fees pursuant to Rule 37(a)(5)(A) and Paragraph 19 of the Protective Order.  Accordingly, it is hereby

**ORDERED** that the parties shall meet and confer on the amount of expenses and fees to be paid by **May 9, 2018.**

In the event of a dispute, Defendants shall submit an accounting of its fees and explain its requested expenses, not to exceed five (5) pages, by **May 16, 2018**.

Cypress Lake may file a response in opposition, not to exceed five (5) pages, by **May 23, 2018**.  No further briefing will be permitted except by leave of Court.

**SIGNED this 24th day of April, 2018.**


*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE